**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF MONCLA MARINE, LLC AS OWNER OF THE MONCLA RIG #107 ITS ENGINES, TACKLE, APPAREL, ETC. AND MONCLA MARINE OPERATIONS, LLC AS THE OPERATOR OF THE MONCLA RIG #107 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>19-164-SDD-EWD |

**RULING**

This matter is before the Court on the *Motion to Dismiss This Limitation Proceeding Under Rule 12(b)(6) or, in the Alternative, to Lift Stay Order* filed by Limitation Defendant Leroy Fuselier ("Claimant").[1] Limitation Plaintiffs Moncla Marine, LLC and Moncla Marine Operations, LLC (collectively, "Moncla"), filed an *Opposition* to the Claimant's *Motion*.[2] For the reasons that follow, Claimant's *Motion* shall be GRANTED.

**I. FACTUAL BACKGROUND**

Claimant was aboard Moncla Rig #107 (hereinafter "the Vessel") on March 20, 2017 to eat lunch.[3] While aboard the Vessel for lunch, Claimant poured what he believed to be red Kool-Aid into a twenty-ounce cup and ingested some amount.[4] After drinking the red fluid, Claimant discovered it was not red Kool-Aid but a chemical agent used for cleaning and degreasing.[5] Claimant alleges that the chemical agent was contained in an

---

[1] Rec. Doc. 8.
[2] Rec. Doc. 12.
[3] Rec. Doc. 8-1 p. 2; Rec. Doc. 12-2 p. 2.
[4] *Id.*
[5] *Id.* The chemical agent was WORKMAN® Super Heavy Duty Cleaner/Degreaser.
58041

unmarked one-gallon bottle customarily used in the galley of the Vessel to store and serve red Kool-Aid and was located on the galley's self-serving beverage table during lunch.[6] Claimant alleges that, as a result of ingesting this substance, he has suffered damage to his pulmonary and digestive systems as well as psychological trauma.[7]

On March 22, 2018, Claimant filed a *Petition for Damages* in the 18th Judicial District Court for Iberville Parish.[8] Moncla filed a *Complaint for Exoneration from or Limitation of Liability* in this Court on March 21, 2019 (the "Limitation Action").[9] Claimant filed the *Motion to Dismiss* that is the subject of this ruling on May 30, 2019,[10] and Moncla filed an *Opposition* on June 21, 2019.[11]

On April 2, 2019, the Court issued an *Initial Order Approving Petitioners' Ad Interim Stipulation for Value Directing Issuance of Notice and Restraining Prosecution of Claims*.[12] That Order stayed proceedings in state court pending the outcome of the current Limitation Action in federal court.

Claimant challenges the timeliness of Moncla's Limitation Action, arguing that Moncla received "written notice of a claim" sufficient to commence the six-month filing period one year prior to filing. In response, Moncla argues that it did not receive "written notice of a claim" until after propounding discovery requests on Claimant two months prior to filing its Limitation Action.

---

[6] Rec. Doc. 1-1 p. 3.
[7] Rec. Doc. 8-1 p. 2.
[8] Rec. Doc. 1-1 p. 6.
[9] Rec. Doc. 1.
[10] Rec. Doc. 8.
[11] Rec. Doc. 12.
[12] Rec. Doc. 5.

58041

## II. LAW AND ANALYSIS

### A. Rule 12(b)(1)

Claimant challenges the timeliness of Moncla's Limitation Action through a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted.[13] Moncla argues that the Rule 12(b)(6) motion is not the correct procedure under which to evaluate a Limitation Action timeliness challenge; rather, Moncla asserts, the challenge should be brought through at Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.[14] While the outcome of the substantive analysis undertaken *infra* (regarding whether Moncla received written notice of a claim) is the same whether the Rule 12(b)(1) or the Rule 12(b)(6) standard is applied, it is nonetheless important for the Court to clarify the proper procedural method to be used for such a challenge, as the analytical standard differs between the two Rule 12 motions, and jurisdictional classifications come with significant legal implications that strike at the power and authority of the Court.

The Fifth Circuit has held that "a challenge to the timeliness of a limitation action is a challenge to the district court's subject matter jurisdiction."[15] Accordingly, the Fifth Circuit has held that the proper motion under Rule 12 for attacking a Limitation Action for timeliness is a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.[16] As a result, the Court finds that the Claimant's Rule 12(b)(6) motion is better construed as a Rule 12(b)(1) motion, since the motion is a challenge to the Court's jurisdiction over

---

[13] FED. R. CIV. PROC. 12(b)(6).
[14] Rec. Doc. 12-2 p. 3-4; FED. R. CIV. PROC. 12(b)(1).
[15] *In re Eckstein Marine Service, LLC*, 672 F.3d 310, 316 (5th Cir. 2012).
[16] *In re Eckstein*, 672 F.3d at 315-316.

the action.

In reviewing a motion under Rule 12(b)(1) for lack of subject matter jurisdiction, a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[17] A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, *i.e.*, the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, *i.e.*, the facts in the complaint supporting subject matter jurisdiction are questioned.[18] A motion is analyzed as a facial attack when a defendant files a Rule 12(b)(1) motion without accompanying evidence.[19] In a facial attack, allegations in the complaint are taken as true.[20] A facial attack analysis mirrors the analysis used for a Rule 12(b)(6) motion.[21]

If the defendant brings a factual attack, a court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction.[22] A defendant making a factual attack on a complaint may provide supporting affidavits, testimony, or other admissible evidence.[23] The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence

---

[17] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).
[18] *In re Blue Water Endeavors, LLC*, Bankr. No. 08–10466, Adv. No. 10–1015, 2011 WL 52525, *3 (E.D.Tex. Jan. 6, 2011) (citing *Rodriguez v. Texas Comm'n of Arts*, 992 F.Supp. 876, 878–79 (N.D.Tex.1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000)).
[19] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).
[20] *Blue Water*, 2011 WL 52525 at *3 (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir.1995)); *PlainsCapital Bank v. Rogers*, 715 Fed.Appx. 325 n. 1 (5th Cir. 2017).
[21] *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 351 (5th Cir. 1989). *See also, e.g.*, *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990); *Willekes v. Serengeti Trading Company*, 783 Fed.Appx. 179, 183 (3rd Cir. 2019) (citing *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3rd Cir. 2014)).
[22] *Id.* (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)).
[23] *Paterson*, 644 F.2d at 523.

58041

that subject matter jurisdiction exists.[24] The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c)[25] because, "[u]nlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist."[26] In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit, has significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"[27]

### B. Rule 12(b)(6)

In the alternative, if the Fifth Circuit were to apply the jurisdictional classification test laid out by the Supreme Court and reach a different conclusion on the jurisdictionality of a timeliness challenge to a limitation action, the result reached herein would nonetheless be the same under a 12(b)(6) analysis.[28] When deciding a Rule 12(b)(6)

---

[24] *Id.*
[25] *Robinson*, 2008 WL 4692392 at *10 (citing *Garcia*, 104 F.3d at 1261).
[26] *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).
[27] *Robinson v. Paulson,* No. H–06–4083, 2008 WL 4692392, *10 (S.D.Tex. Oct. 22, 2008)(quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and citing *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986)).
[28] The Supreme Court has laid out a line of cases expounding upon the classification of statutory provisions as jurisdictional requirements or non-jurisdictional "claim-processing" rules but has not spoken specifically to the jurisdictionality of a timeliness challenge to a limitation action. *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *Henderson v. Shinseki*, 562 U.S. 428 (2011); *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145 (2013); *United States v. Kwai Fun Wong*, ___ U.S. ___, 135 S. Ct. 1625 (2015); *Musacchio v. United States*, ___ U.S. ___, 136 S. Ct. 709 (2016). However, the Supreme Court has considered the general jurisdictionality of time bars. When a statute of limitations is jurisdictional, "failure to comply with the [time] bar deprives a court of all authority to hear a case." *Kwai Fun Wong*, ___ U.S. at ___, 135 S. Ct. at 1631. On the other hand, "claim-processing rules" exist to maintain "orderly progress of litigation by
58041

motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[29] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[30] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[31]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[32] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[33] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference

---

requiring that the parties take certain procedural steps at certain specified times. *Henderson*, 562 U.S. at 435 (citing *Union Pacific R. Co. v. Locomotive Engineers*, 558 U.S. 67, 83-84 (2009); *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam); *Scarborough v. Principi,* 541 U.S. 401, 413-414 (2004); *Kontrick v. Ryan*, 540 U.S. 443, 455-456 (2004)). Regarding time-bar statutes, "[s]tatutes of limitations and other filing deadlines 'ordinarily are not jurisdictional'" and will only be classified as jurisdictional if Congress has "clearly stated" so. *Musacchio*, ___ U.S. at ___, 136 S. Ct. at 716-717 (quoting *Sebelius*, 568 U.S. at 154). Likewise, "filing deadlines ordinarily are not jurisdictional;" rather, they are "quintessential claim-processing rules." *Sebelius*, 568 U.S. at 154 (quoting *Henderson,* 562 U.S. at 429). The Eleventh Circuit recently parted from the Fifth Circuit and held that, under the Supreme Court's clear statement jurisdictionality test, timeliness challenges to limitation actions are non-jurisdictional. *Orion Marine Construction, Inc. v. Carroll*, 918 F.3d 1323, 1328 (11th Cir. 2019).

[29] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[30] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[31] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[32] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted).
[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
58041

that the defendant is liable for the misconduct alleged."[34] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[35] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[36] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[37]

### C. Limitation Action and Written Notice of a Claim

The Limitation of Liability Act provides vessel owners with the ability to limit their liability arising from the operation of that vessel to its value, including the value of its freight.[38] In order to do so, the vessel owner must file a petition in federal court within six months from receiving "written notice of a claim" that exceeds the value of the vessel.[39] The interpretation of what constitutes "written notice of a claim" for the purposes of commencing the six-month period is the decisive element in analyzing the Claimant's motion. Courts interpreting the statute have concluded that the notice must inform the owner of a claimant's intention to seek damages.[40] Further, the notice must convey a "reasonable possibility" that (1) the claim is subject to limitation and (2) the damages could

---

[34] *Twombly*, 550 U.S. at 570.
[35] *Iqbal*, 556 U.S. at 678.
[36] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[37] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[38] 46 U.S.C. § 30501, et seq.
[39] 46 U.S.C. § 30511(a).
[40] *Complaint of Okeanos Ocean Research Foundation, Inc.*, 704 F.Supp. 412, 414 (S.D.N.Y. 1989) (citing *Rodriguez Moreira v. Lemay*, 659 F.Supp. 89, 90–91 (S.D.Fla.1987); *In re N.Y.T.R. Transp. Corp.*, 105 F.R.D. 144, 146 (E.D.N.Y.1985); *In re J.E. Brenneman Co.*, 157 F.Supp. 295, 297 (E.D.Penn.1957); *Petition of Anthony O'Boyle, Inc.*, 51 F.Supp. 430, 431 (S.D.N.Y.1943)). *See also Matter of Complaint of McKinney Towing, Inc.*, 1994 WL 682546 (E.D.La. 1994); *Complaint of Marine Crewboats, Inc.*, 1991 WL 195464 (E.D.La. 1991).

exceed the value of the vessel.[41] Written notice does not necessarily require the filing of a complaint; a written communication may be enough to constitute written notice under the Act.[42]

Here, a complaint has been filed in state court,[43] and Moncla has conceded that Claimant provided sufficient notification of the existence of a claim.[44] The only issue is whether the complaint presented a "reasonable possibility" of damages in excess of the value of the Vessel (which Moncla values at $655,100.00).[45] The Court now turns to an analysis of the Claimant's *Motion* under Rule 12(b)(1) and Rule 12(b)(6).

### D. Analysis

Claimant argues that his factual allegations in the complaint provided sufficient notice to commence the six-month Limitation Action period.[46] Specifically, Claimant cites to particular assertions in his State Court petition, wherein he alleges that he "suffered serious, permanent, and disabling injuries to his body and mind including . . . injuries to his pulmonary and digestive systems," particularly the "mouth, esophagus, trachea, his lungs . . . [and] upper and lower digestive tracts."[47] Claimant also asserts in the petition that he has suffered "psychological trauma."[48] The petition also contains allegations of the facts of the case reviewed *supra* and includes the chemical details of the cleaning

---

[41] *Complaint of Tom-Mac, Inc.*, 76 F.3d 678, 683 (5th Cir. 1996); *Complaint of RLB*, 773 F.3d at 603; *In re Eckstein*, 672 F.3d at 34. *See also Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2nd Cir. 1982).
[42] *Complaint of RLB*, 773 F.3d at 603.
[43] Rec. Doc. 1-1 p. 6.
[44] Rec. Doc. 12-2 p. 7 ("Moncla does not dispute the fact that Fuselier's lawsuit sufficiently notified it that Fuselier was asserting a claim against it as a result of his incident.").
[45] Rec. Doc. 12-2 p. 7.
[46] Rec. Doc. 8-1 p. 3.
[47] *Id.* (quoting Rec. Doc. 1-1 ¶ 9).
[48] *Id.*
58041

agent allegedly ingested by Claimant.[49]

In response, Moncla argues that, while it was notified of the existence of a claim subject to limitation, it was not notified of the "reasonable possibility" that the damages would exceed the value of the Vessel.[50] According to Moncla, the first notice it received that the claim could exceed the Vessel's value occurred upon reviewing the Claimant's medical records, but Moncla fails to clarify when this occurred.[51] Moncla argues that, because Claimant returned to work after a brief hospitalization, any lost wages sought by Claimant "would be minimal, at best."[52] Moncla attempts to distinguish the cases cited by Claimant, arguing that the alleged injuries and factual allegations in this case do not rise to the level of severity so as to constitute notice that Claimant's damages would exceed the value of the Vessel.[53]

Moncla's argument regarding Claimant's actions after the incident and the resulting circumstances cannot be considered by the Court when Moncla's motion is reviewed under Rule 12(b)(6).[54] On a Rule 12(b)(6) motion, the Court's analysis is limited to the four corners of the Complaint. While they may be relevant considerations for a fact-finder, all of the facts alleged by Moncla—such as Claimant's alleged return to work and physical abilities post-accident—are outside of the complaint and are superfluous for a Rule 12(b)(6) analysis.

When Moncla's Rule 12(b)(6) motion is construed as a Rule 12(b)(1) motion, then

---

[49] Rec. Doc. 8-1 p. 4.
[50] Rec. Doc. 12-2 p. 7-9. *See also Complaint of Tom-Mac*, 76 F.3d at 683; *Complaint of RLB*, 773 F.3d at 603; *In re Eckstein*, 672 F.3d at 34.
[51] Rec. Doc. 12-2 p. 3.
[52] *Id.* at 8.
[53] *Id.* at 8-9. Moncla points out differences between the alleged facts in the present case and the facts in *In re Eckstein*, 672 F.3d 310, and *Complaint of Tom-Mac*, 76 F.3d 678.
[54] Rec. Doc. 12-2 p. 8-9.

58041

it becomes necessary to determine whether the motion is a facial attack or a factual attack. The Court finds that the motion is a facial attack because there is no evidence accompanying the motion. In a facial attack analysis, the Court is limited to the complaint alone and cannot consider extrinsic materials.[55] Therefore, an analysis of the Claimant's motion under Rule 12(b)(1) has the same effect and result as an analysis under Rule 12(b)(6). Moncla's factual assertions regarding the Claimant's post-accident activities are not eligible for consideration by the Court as those facts are not present in the Claimant's state court petition.

The Court notes here the importance of the jurisdictionality classification discussed *supra*: should the motion be a factual attack rather than a facial attack, the Court could consider evidence and materials outside the boundaries of the complaint.[56] Consideration of such extrinsic materials could substantively alter the outcome of an analysis in a given case. But here, the Court is limited to the allegations in the Complaint under both Rule 12(b)(6) and Rule 12(b)(1).

The Court finds that Claimant's state court suit conveyed a reasonable possibility that his claims would exceed $655,100. Claimant's factual allegations are clear: he alleges that he was injured aboard the Vessel due to Moncla's negligence, that his alleged injuries consist of permanent systemic problems, and that he is seeking compensatory damages, lost wages and earning capacity, and past and permanent future disability, amongst other relief.[57] The damages sought by Claimant could reasonably exceed the value of the Vessel. It is of no import that Claimant did not state an exact number figure

---

[55] *PlainsCapital Bank*, 715 Fed.Appx. n. 1.
[56] *See Superior MRI Services, Inc. v. Alliance Healthcare Services, Inc.*, 778 F.3d 502 (5th Cir. 2015).
[57] *See* Rec. Doc. 1-1 p. 6, ¶ 16.
58041

in the complaint: "[a] demand need not express a specific quantum of damages so long as there is a reasonable possibility that a claim's value will exceed the value of the vessel."[58] Whether the claims are likely to be successful on the merits is also irrelevant; alleged facts supporting those claims are presumed to be true under a Rule 12(b)(6) analysis[59] and a Rule 12(b)(1) facial attack analysis,[60] and all that matters for written notice is whether there is a "reasonable possibility" that a claim exists, not that a claim will be successful.[61]

The Court's decision is in line with the legislative purpose underlying the six-month time bar contained in 49 U.S.C. § 30511(a). That provision was intended to "require the shipowner to act promptly in asserting the right to limit his liability."[62] Any uncertainty about the extent of Claimant's injuries could have been resolved by prompt discovery requests. Further, Moncla could have taken extra precaution and filed a Limitation Action in federal court to preserve its right to limit its liability. Yet, Moncla waited nearly a year to assert that right.[63] The Court finds that Moncla received "written notice of a claim" on March 23, 2018 when it was served with a copy of the complaint.[64] Moncla's Limitation Action filed on March 21, 2019 is therefore beyond the six-month time bar and untimely when analyzed under the Rule 12(b)(6) standard and the Rule 12(b)(1) facial attack standard.

---

[58] *Complaint of RLB*, 773 F.3d at 603 (citing *In re Eckstein*, 672 F.3d at 317-320).
[59] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin*, 369 F.3d at 467).
[60] *See Scheuer v. Rhodes*, 416 U.S. 232, 234-37 (1974).
[61] *Complaint of RLB*, 773 F.3d at 604.
[62] *Diamond*, 247 F.2d at 607. *See also The Fred Smartley, Jr.*, 108 F.2d at 607; *The Grasselli Chemical Co. No. 4.*, 20 F.Supp. at 395; *The Bright*, 38 F.Supp. at 577; *Petition of Goulandris*, 140 F.2d at 781.
[63] Rec. Doc. 8-1 p. 2.
[64] *Id.*; Rec. Doc. 1-1.
58041

## III. CONCLUSION

For the reasons stated above, the *Motion to Dismiss*[65] filed by Claimant is GRANTED, and the Limitation Action filed by Moncla is hereby dismissed with prejudice. All alternative requests made by Claimant are DISMISSED as moot.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 17, 2019.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[65] Rec. Doc. No. 8.
58041